# In the United States Court of Federal Claims

| | |
|---|---|
| RICHARD AMUN'RA BEY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 26-1284<br>Filed October 21, 2026 |

**OPINION AND ORDER**
**Dismissing the complaint sua sponte for lack of subject-matter jurisdiction and denying Mr. Bey's motion to proceed in forma pauperis**

Richard Amun'Ra Bey, proceeding without an attorney, filed a complaint in this court, alleging that the state of Mississippi and the United States have violated his constitutional rights. This court lacks jurisdiction over Mr. Bey's complaint because his suit challenges (1) the decisions of other courts, (2) the actions of parties other than the federal government, and (3) conduct sounding in tort. The court will therefore dismiss Mr. Bey's complaint sua sponte for lack of subject-matter jurisdiction. Because Mr. Bey paid the filing fee for this case, the court will also deny his motion for leave to proceed in forma pauperis as moot.

## I. Background

Mr. Bey has filed multiple suits in the Southern and Northern Districts of Mississippi, including at least a dozen that started in or landed in the Southern District. *Bey v. Thompson*, No. 23-12, 2023 WL 12205067, at *2 & n.2 (S.D. Miss. Apr. 7, 2023) (documenting Mr. Bey's litigation history); *see also Lumumba v. Bey*, No. 22-518, 2024 WL 4648152 (S.D. Miss. Oct. 31, 2024) (dismissing Mr. Bey's attempt to remove traffic tickets from municipal court to the district court); *Bey v. Fitch*, No. 25-188, 2026 WL 1011243 (N.D. Miss. Apr. 14, 2026) (dismissing for improper

venue). In response to Mr. Bey's "pattern of frivolous, vexatious, and delusional filings," the Southern District of Mississippi issued sanctions requiring Mr. Bey to receive "judicial preapproval of future lawsuits." *Thompson*, 2023 WL 12205067, at *3.

Mr. Bey's complaint here is hard to understand. ECF No. 1. He alleges that the United States committed "Treason" and abridged his First Amendment rights "to its Admiralty / Maritime Legal Sea Constructs with intent to cause harm to [his] life." *Id.* at 2. Mr. Bey also alleges that the United States has denied his constitutional rights by "placing federal question and issues of diversity before a 'Municipal Court for Profit.'" *Id.* He states that he has received documentation telling him that he must receive permission from a magistrate judge or judge "for constitutional[ly] secured liberties." *Id.* (quotation marks omitted). He also alleges that the "agents of the Union State of Mississippi" have "been impersonating an Article III judge." *Id.* at 1. Mr. Bey also alleges that he has been assaulted by an officer. *Id.*

## II. Discussion

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. 28 U.S.C. § 1491(a)(1); *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994). The Tucker Act provides this court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se

complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court has therefore exercised its discretion in this case to examine the pleadings "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

Under rules 12(b)(1) and 12(h)(3) of Rules of the Court of Federal Claims (RCFC), the court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." *See also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)).

**A. This court lacks jurisdiction over Mr. Bey's complaint**

Mr. Bey's complaint is difficult to understand. That alone is a sufficient basis to dismiss it. *El-Bey v. United States*, 139 Fed. Cl. 88, 88 (2018) ("[T]he plaintiff bears the burden of establishing subject matter jurisdiction, and an unintelligible complaint fails to do so." (citing *Moore v. United States*, 52 F.3d 344, 1995 WL 216952, at *1 (Fed. Cir. Apr. 4, 1995))).

Nevertheless, the court has done its best to decipher Mr. Bey's complaint. As the court understands it, Mr. Bey makes three claims: (1) he has been improperly denied access to federal courts; (2) the United States (or possibly officers of the state of Mississippi) abridged his constitutional rights "with intent to cause harm"; and (3) he was assaulted by a Mississippi officer. ECF No. 1 at 1-2. None of those claims falls within this court's jurisdiction.

First, Mr. Bey alleges that the United States and the state of Mississippi have infringed his constitutional rights by denying him access to federal courts. ECF No. 1 at 1-2. That claim appears

to arise from the Southern District of Mississippi's order requiring Mr. Bey to receive judicial preapproval before filing any future complaints or civil pleadings. *Thompson*, 2023 WL 12205067, at *3. It may also concern prior decisions in which other district courts dismissed Mr. Bey's suits for lack of jurisdiction, improper venue, and failure to comply with court orders. *Id.* at *2 & n.2 (noting that many of Mr. Bey's prior cases "were dismissed on substantive grounds or because he failed to pay the filing fee or else properly apply for pauper status"). Mr. Bey's claim amounts to a challenge to the decisions of those courts to dismiss his complaints and enter sanctions. This court lacks jurisdiction to review the decisions of another court. *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("[T]he Court of Federal Claims cannot entertain a taking claim that requires the court to scrutinize the actions of another tribunal." (quotation marks omitted)). Instead, the recourse there is to appeal the district court's decision. *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015) ("Permitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decisions in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims."). Thus, this court lacks jurisdiction over Mr. Bey's claim that he has been denied access to federal courts.

Second, Mr. Bey alleges that the United States "committed Treason" and "abridg[ed] [his] 1st Amendment rights to its Admiralty / Maritime Legal Sea Constructs with intent to cause harm to [his] life." ECF No. 1 at 2 (quotation marks omitted). To the extent that Mr. Bey is alleging harms that might "command the payment of money," which is one requirement to invoke this court's jurisdiction, *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983), those harms fall under tort law and therefore are outside this court's jurisdiction, *Moore v. United States*, 419 F. App'x 1001, 1002 (Fed. Cir. 2011) (explaining that an allegation of assault "sound[s] in tort").

Third, Mr. Bey alleges that he was "assaulted by an officer" and is "under constant Threat, Duress, & Coercion" by the "agents of the Union State of Mississippi." ECF No. 1 at 1. This court has jurisdiction only over claims against the federal government; it does not have jurisdiction over states or state entities. 28 U.S.C. § 1491(a)(1); *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *Curry v. United States*, 787 F. App'x 720, 722-23 (Fed. Cir. 2019) (holding that the Court of Federal Claims lacks jurisdiction to hear cases asserted against states, localities, and employees of those governments in both their official and personal capacities). Thus, this court does not have jurisdiction over Mr. Bey's claims against the state of Mississippi or its agents. Even if Mr. Bey's allegations against the state of Mississippi and its agents went beyond torts, those claims still would not fall within this court's jurisdiction.

In sum, this court lacks jurisdiction over Mr. Bey's claims because, to the extent that they are decipherable, they challenge the decisions of other courts, sound in tort, and are made against defendants other than the United States government. Having determined that it lacks subject-matter jurisdiction over Mr. Bey's complaint, this court must dismiss the complaint. RCFC 12(h)(3).

**B. Mr. Bey's motion to proceed in forma pauperis is moot**

On August 31, 2026, Mr. Bey filed a motion for leave to proceed in forma pauperis. ECF No. 2. In that application, Mr. Bey answered questions three through eight "N/A." *Id.* at 2. Mr. Bey attached an affidavit to that motion, "asking the Federal Claims Court, to state, show evidence in the 1791 United States Republic (7) Articles, (10) Amendments that [he] must answer intrusive 'Private Question' about [his] private life to receive Constitutional Secured Rights." *Id*. at 3. If the court did not show that evidence, Mr. Bey stated that he would "with draw Informa Pauperis and submit compelled 'Debt Notes Against my Will.'" *Id.*

To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or request authorization to proceed without payment of fees by submitting a signed application to proceed in forma pauperis. See 28 U.S.C. §§ 1914, 1915. The court provides a form that includes eight questions the plaintiff must answer. *Application to Proceed In Forma Pauperis*, available at https://www.cfc.uscourts.gov/sites/cfc/files/in_forma_pauperis_form.pdf. It was apparent from Mr. Bey's application and affidavit that he was refusing to answer the required questions. The court ordered Mr. Bey to either submit a completed application, truthfully answering all questions, or pay the $405.00 in required fees. ECF No. 7 at 2. If Mr. Bey did not submit a completed application or pay the required fee by October 20, 2026, the court advised him that it would dismiss his complaint for failure to prosecute. *Id.*

On October 16, 2026, Mr. Bey paid the $405.00 filing fee. Because Mr. Bey has paid the required fee, his motion for leave to proceed in forma pauperis is moot. Thus, the court will deny that motion.

## III. Conclusion

For the reasons stated above, the court **dismisses** sua sponte Mr. Bey's complaint (ECF No. 1) for lack of subject-matter jurisdiction. The court also **denies** Mr. Bey's motion for leave to proceed in forma pauperis (ECF No. 2) as moot. The clerk of the court shall enter judgment.

**IT IS SO ORDERED.**

/s/ Molly R. Silfen
MOLLY R. SILFEN
Judge